UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES HAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00382-JMS-MPB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Second Motion to Dismiss Petition for Writ of Habeas Corpus**

Petitioner James Hayes brings this 28 U.S.C. § 2254 habeas corpus action challenging his custody pursuant to Indiana convictions for possession of methamphetamine, dealing methamphetamine, and conspiracy to commit the offense of dealing methamphetamine. He contends that trial counsel was ineffective for failing to properly argue a motion to suppress and for failing to object to his consecutive sentences under Indiana double jeopardy principles. Respondent has moved to dismiss Mr. Hayes's petition for a second time, arguing this time that the claims are barred by the statute of limitations and procedurally defaulted. For the reasons in this Order, the second motion to dismiss, dkt. [15], is **denied**.

### I.    Background

#### A.    Offenses and trial

On April 15, 2014, police received an anonymous tip about methamphetamine production at Craig Blake's mobile home in Greene County, Indiana. *Hayes v. State*, No. 28A01-1412-CR-554, 2015 WL 5088829, at *1 (Ind. Ct. App. Aug. 28, 2015) (opinion on direct appeal). Two officers arrived at the home and walked to the main entrance—a sliding glass door in the

back—to conduct a "knock and talk." *Id.* at *1, 3. As the officers knocked and called for Mr. Blake, they saw Mr. Hayes and a woman later identified as Sierra Sipes sitting inside on a sofa. *Id.* at *1.

One of the officers recognized Mr. Hayes from an outstanding arrest warrant that had been issued two days earlier. *Id.* He ordered Mr. Hayes to exit the home. *Id.* Mr. Hayes first hid a two-liter bottle under a jacket and then complied. *Id.* Once Mr. Hayes was outside, the officers handcuffed him and patted him down. *Id.* They found a wet paper towel wrapped in cellophane giving off a strong chemical odor. *Id.* Mr. Hayes confirmed it was methamphetamine. *Id.* After the arrest, the officers obtained a search warrant for Mr. Blake's home. *Id.* Inside, they found and seized the two-liter bottle, which held active methamphetamine solution, along with other ingredients and tools for manufacturing methamphetamine. *Id.*

The State charged Mr. Hayes with class B felony dealing in methamphetamine, class B felony conspiracy to commit dealing in methamphetamine, and class D felony possession of methamphetamine. *Id.* They further alleged that he was a habitual substance offender. *Id.*

Before trial, counsel moved to suppress the evidence seized from Mr. Hayes's person and Mr. Blake's home. *Id.* That motion was denied. *Id.* The jury found Mr. Hayes guilty on all counts and found that he was a habitual substance offender. *Id.* The court sentenced him to a twenty-year prison term for manufacture of methamphetamine, including the habitual substance offender enhancement, a consecutive twelve-year term for conspiracy to manufacture methamphetamine, and a concurrent three-year term for possession of methamphetamine, for an aggregate sentence of thirty-two years. *See* dkt. 14-1 at 16.

**B.    Direct appeal**

On direct appeal, Mr. Hayes argued that the trial court erred in denying his motion to suppress because the officers conducted an unreasonable search of Mr. Blake's home in violation

of the Fourth Amendment and the Indiana Constitution when they stood near the entrance and looked through the sliding glass door to see Mr. Hayes sitting on the sofa. Dkt. 7-3 at 17−25.

The Indiana Court of Appeals affirmed the trial court's judgment, rejecting Mr. Hayes's Fourth Amendment arguments. *Hayes*, 2015 WL 5088829, at *2−4. As to the Fourth Amendment claim, the appellate court held that (1) Mr. Hayes had no reasonable expectation of privacy as a short-term visitor in Mr. Blake's home, and that (2) the officers did not conduct a "search" within the meaning of the Fourth Amendment when they knocked on and looked through the sliding glass door. *Id.* at *2−3.

Mr. Hayes raised the Fourth Amendment claim in his petition to transfer to the Indiana Supreme Court, and transfer was denied. Dkt. 7-6; dkt. 7-2 at 4.

### C.     State post-conviction proceedings

Mr. Hayes filed a *pro se* state post-conviction petition contending, among other things, that his consecutive sentences violated Indiana double jeopardy principles. Dkt. 14-1 at 13−14. But in his counseled amended petition, he abandoned this claim and argued only that trial counsel was ineffective for failing to object to introduction of his full criminal history during the habitual substance offender portion of trial. *Id.* at 19−20.

The state trial court denied the post-conviction petition, the Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied transfer. Dkt. 7-13; dkt. 7-9 at 5.

### D.     Federal § 2254 proceedings

Mr. Hayes filed a 28 U.S.C. § 2254 petition in this Court raising three grounds for relief: (1) "Violation of Search and Seizure," (2) "Ineffective Assistance of Post-Conviction Counsel," and (3) "Violation of Double Jeopardy." Dkt. 2 at 3−5. But the supporting facts included allegations of trial counsel's ineffectiveness. *See id.* at 3−4 ("The motion to suppress was not

properly argued because the facts are . . . ."); *id.* at 4 (asserting that post-conviction counsel refused to pursue a claim that trial counsel was ineffective for failing to argue double jeopardy).

Respondent filed a first motion to dismiss, arguing that Mr. Hayes's claims were not cognizable on federal habeas review. Dkt. 7. In response, Mr. Hayes moved for leave to amend or correct his petition to clarify the legal theories underlying his allegations and to consolidate his three claims into two: (1) trial counsel was ineffective for failing to properly argue the motion to suppress; and (2) post-conviction counsel was ineffective for failing to argue that trial counsel was ineffective for failing to raise a double jeopardy defense. Dkt. 8. Mr. Hayes did not submit a proposed amended petition, but the Court granted his motion, explaining that it would "consider Mr. Hayes's petition based on the legal theories articulated in the motion to amend." Dkt. 10.

The Court granted Mr. Hayes leave to file an amended petition in January 2022. The amended petition, filed in February 2022, raises one ground for relief: trial counsel was ineffective for failing to (a) properly argue the motion to suppress and (b) raise a double jeopardy defense. Dkt. 14.

Respondent has now filed a second motion to dismiss, arguing that the claims in Mr. Hayes's amended petition are barred by the relevant statute of limitations, 28 U.S.C. § 2244(d), and procedurally defaulted. Mr. Hayes filed a response, and the time to reply has passed.

## II.  Statute of Limitations

### A.  Applicable law

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.    Discussion

For purposes of this motion to dismiss, the Court accepts Respondent's calculation of the limitation period, including the statutory deadline of July 16, 2021. *See* dkt. 15 at 5. Mr. Hayes filed his amended petition on February 7, 2022, well past that deadline. However, the claims in the amended petition are not subject to dismissal, as they relate back to the claims in Mr. Hayes's timely filed original petition.

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see* 28 U.S.C. § 2242 (habeas petition "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying Rule 15(c)(1)(B) to § 2254 petition).

Mr. Hayes's original petition, which was filed on February 18, 2021, raised three claims: (1) the search of Mr. Blake's home violated his Fourth Amendment rights; (2) post-conviction counsel was ineffective for failing to argue that trial counsel was ineffective for failing to challenge

5

his consecutive sentences on double jeopardy grounds; and (3) his convictions and consecutive sentences violated Indiana double jeopardy principles. Dkt. 2 at 3−5.

On February 7, 2022, after obtaining leave of Court, Mr. Hayes filed the amended petition on which he now proceeds.[1] The amended petition did not meaningfully change any factual allegations, but it again revised Mr. Hayes's legal theories. In the amended petition, he contends that trial counsel was ineffective for (a) failing to properly argue the motion to suppress on Fourth Amendment grounds and (b) failing to object to his convictions and consecutive sentences on double jeopardy grounds. Dkt. 14 at 3−5. The amended petition also alleges that post-conviction counsel was ineffective for failing to argue these bases for trial counsel's ineffectiveness. *Id.* at 3.

At least one basis of the ineffective assistance of counsel claim in Mr. Hayes's amended petition relates back to his original petition: his contention that trial counsel was ineffective for failing to challenge his convictions and consecutive sentences on double jeopardy grounds. The factual allegations supporting this claim have been consistent throughout. *See* dkt. 2 at 4 (asserting that Mr. Hayes had a substantial claim of ineffective assistance of counsel based on trial counsel's failure to argue a double jeopardy violation). And while the legal theory has changed, that does not preclude relation back. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("[T]here would be relation back if the two complaints referred to the same general set of facts[,] though the amended one alleged a different cause of action and legal theory from the original complaint." (cleaned up)). Accordingly, the Court determines the amended claims are not barred by the statute of limitations.

---

[1] Mr. Hayes's April 2021 "motion to amend," dkt. 8, which the Court granted in June 2021, dkt. 10, did not change the factual allegations in his original petition and does not affect the relation-back analysis.

### III.     Procedural Default

#### A.     Applicable law

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," the claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). Mere presentment is not enough to avoid procedural default. A petitioner must "have alerted the [state] court to the alleged federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 33 (2004). Where, as here, a petitioner alleges ineffective assistance of counsel, each basis for that claim must have been fairly presented in state court. *See Pole v. Randolph*, 570 F.3d 922, 935 (7th Cir. 2009) ("[I]f a petitioner fails to assert in the state courts a particular factual basis for the claim of ineffective assistance, that particular factual basis may be considered defaulted.").

"Procedural default may be excused where the petitioner demonstrates either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (cleaned up). A petitioner convicted in Indiana may allege ineffective assistance of post-conviction counsel as cause to excuse a defaulted claim that trial counsel was ineffective. *Brown v. Brown*, 847 F.3d 502, 513 (7th Cir. 2017); *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012). However, ineffective assistance of post-conviction counsel does not allow a petitioner to avoid statutory restrictions on expanding the record for habeas review. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022); *see* 28 U.S.C. § 2254(e)(2).

### B. Discussion

Mr. Hayes contends that trial counsel was ineffective for failing to argue that Indiana double jeopardy principles required concurrent sentences for his convictions for manufacturing methamphetamine and conspiracy to manufacture methamphetamine. Dkt. 14 at 3, 5. Mr. Hayes, through counsel, abandoned this argument in his post-conviction proceedings and did not present it to the Indiana Court of Appeals. This basis for counsel's ineffectiveness is therefore defaulted. *Pole*, 570 F.3d at 935.

Mr. Hayes argues that post-conviction counsel's ineffectiveness excuses the default. Dkt. 16 at 2–3. To succeed, he must show that post-conviction counsel's performance was deficient and that the deficient performance prejudiced him by denying him an opportunity to litigate "a substantial claim of ineffective assistance of trial counsel." *Brown*, 847 F.3d at 513 (applying the general standards for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

Respondent challenges only the prejudice prong, arguing that Mr. Hayes has failed to identify a substantial claim that trial counsel was ineffective for failing to make a double jeopardy argument.

First, Respondent argues that trial counsel could not have been deficient in failing to raise a double jeopardy defense because a defendant need not raise double jeopardy issues in the trial court to preserve them on appeal. Dkt. 15; *see Whitham v. State*, 49 N.E.3d 162, 168 (Ind. Ct. App. 2015) ("Although [defendant] did not object on double jeopardy grounds at trial, questions of double jeopardy implicate fundamental rights and, as such, may be raised for the first time on appeal."). But the possibility of appellate review does not excuse trial counsel from making a winning argument if it is available in the trial court.

Next, Respondent asserts that any double jeopardy argument in the trial court would have failed. To support this assertion, Respondent recites the general standards governing double jeopardy claims under Indiana law:

> Under Indiana law at the time of Hayes's direct appeal, a double jeopardy violation occurred if, "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish[ed] the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999), *overruled by Wadle v. State*, 151 N.E.3d 227 (Ind. 2020).

Dkt. 15 at 9. But Respondent makes no effort to apply the facts here to those standards.

What was the overt act to support the conspiracy as charged in this case? Was it separate and distinct from the underlying crime? Mr. Hayes asserts the evidence to support both convictions was the same. Dkt. 14 at 5. Respondent offers no rebuttal analysis. And more importantly, Respondent has not provided the trial record, without which the Court cannot answer these questions. *See Richardson*, 717 N.E.2d at 53 ("[T]he actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts."); *cf. Iddings v. State*, 772 N.E.2d 1006, 1017 (Ind. Ct. App. 2002) (no double jeopardy violation despite separate convictions for manufacturing methamphetamine and possession of methamphetamine precursors because "there was evidence in this case that [defendant] (1) had already manufactured methamphetamine and (2) possessed the chemical precursors of methamphetamine with the intent to manufacture *more* of the drug").

Based on Mr. Hayes's unrebutted contention that the same evidence supported both his manufacturing and conspiracy to manufacture convictions, he has presented a substantial claim that trial counsel was ineffective for failing to raise a double jeopardy objection to his consecutive sentences. He therefore meets the *Wadle* criteria, and the claim can proceed.

### IV. Conclusion

Because Mr. Hayes's contention that trial counsel was ineffective for not objecting to his multiple convictions and consecutive sentences on double jeopardy grounds is not subject to dismissal, Respondent's second motion to dismiss, dkt. [15], is **denied**.

Respondent shall have **21 days from the entry of this Order on the docket to brief the merits of the amended petition**. *See* dkt. 4 at 2. Nothing in this Order precludes Respondent from also arguing procedural defenses to Mr. Hayes's contention that trial counsel was ineffective for failing to properly argue the motion to suppress. Mr. Hayes shall have **28 days after Respondent's merits brief is docketed to file a reply**.

IT IS SO ORDERED.

Date: 2/21/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES HAYES
895694
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov