UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES HAYES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-00382-JMS-CSW ) |
| WARDEN Pendleton Correctional Industrial Facility, | ) ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus**

Petitioner James Hayes brings this 28 U.S.C. § 2254 habeas corpus action challenging his custody pursuant to Indiana convictions for possession of methamphetamine, dealing methamphetamine, and conspiracy to commit the offense of dealing methamphetamine. He contends that trial counsel was ineffective for failing to properly argue a motion to suppress and for failing to object to his consecutive sentences for the dealing and conspiracy charges under Indiana double jeopardy principles.

Respondent filed two motions to dismiss that were denied by this Court. Respondent has now filed a Return to Order to Show Cause in which he argues that Mr. Hayes's claims are procedurally defaulted and meritless. For the reasons in this Order, Mr. Hayes's petition for a writ of habeas corpus is **denied**.

**I.      Relevant Procedural Background**

Mr. Hayes filed a 28 U.S.C. § 2254 petition in this Court raising three grounds for relief. Dkt. 2 at 3−5. Respondent filed a motion to dismiss, and Mr. Hayes moved for leave to amend or correct the petition. Dkts. 7, 8. The Court granted Mr. Hayes leave to file an amended petition.

1

Dkt. 13. The amended petition raised one ground for relief: trial counsel was ineffective for failing to (a) properly argue the motion to suppress and (b) raise a double jeopardy defense. Dkt. 14.

Respondent filed a second motion to dismiss, arguing that the claims in Mr. Hayes's amended petition were barred by the relevant statute of limitations, 28 U.S.C. § 2244(d), and were procedurally defaulted. Dkt. 15.

The Court denied the second motion to dismiss. Dkt. 18. Mr. Hayes had argued that post-conviction counsel's ineffectiveness excused any procedural default for his two claims of ineffective assistance of trial counsel. Dkt. 16 at 2−3. The Court concluded that it could not assess whether Mr. Hayes had asserted a substantial claim of ineffectiveness as to the double jeopardy claim because the state court trial record had not been submitted by Respondent. Dkt. 18 at 8−9. Thus, the Court ordered Respondent to brief the merits of the amended petition while noting that Respondent could also argue procedural defenses as to Mr. Hayes's contention that trial counsel was ineffective for failing to properly argue the motion to suppress. *Id.* at 10.

Respondent filed a Return with the state court record. Dkts. 19, 20. Mr. Hayes filed a reply. Dkt. 23. The matter is now fully briefed.

## II.     Background

### A.     Offenses and Trial

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows.

On April 15, 2014, police received an anonymous tip about methamphetamine production at Craig Blake's mobile home in Greene County, Indiana. *Hayes v. State*, No. 28A01-1412-CR-554, 2015 WL 5088829, at *1 (Ind. Ct. App. Aug. 28, 2015) (opinion on direct appeal) (in the record at dkt. 7-5). Two officers arrived at the home and walked to the main entrance—a sliding glass door in the back—to conduct a "knock and talk." *Id.* at *1, 3. As the officers knocked and called for Mr. Blake, they saw Mr. Hayes and a woman later identified as Sierra Sipes sitting inside on a sofa. *Id.* at *1.

One of the officers recognized Mr. Hayes from an outstanding arrest. *Id.* He ordered Mr. Hayes to exit the home. *Id.* Mr. Hayes first hid a two-liter bottle under a jacket and then complied. *Id.* Once Mr. Hayes was outside, the officers handcuffed him and patted him down. *Id.* They found a wet paper towel wrapped in cellophane giving off a strong chemical odor. *Id.* Mr. Hayes confirmed it was methamphetamine. *Id.* After the arrest, the officers obtained a search warrant for Mr. Blake's home. *Id.* Inside, they found and seized the two-liter bottle, which held active methamphetamine solution, along with other ingredients and tools for manufacturing methamphetamine. *Id.*

The State charged Mr. Hayes with class B felony dealing in methamphetamine, class B felony conspiracy to commit dealing in methamphetamine, and class D felony possession of methamphetamine. *Id.* They further alleged that he was a habitual substance offender. *Id.*

Before trial, counsel moved to suppress the evidence seized from Mr. Hayes's person and Mr. Blake's home. *Id.* That motion was denied. *Id.* The jury found Mr. Hayes guilty on all counts and found that he was a habitual substance offender. *Id.* The court sentenced him to a twenty-year prison term for manufacture of methamphetamine, including the habitual substance offender enhancement, a consecutive twelve-year term for conspiracy to manufacture methamphetamine,

and a concurrent three-year term for possession of methamphetamine, for an aggregate sentence of thirty-two years. *See* dkt. 14-1 at 16.

### B.   Direct Appeal

On direct appeal, Mr. Hayes argued that the trial court erred in denying his motion to suppress because the officers conducted an unreasonable search of Mr. Blake's home in violation of the Fourth Amendment and the Indiana Constitution when they stood near the entrance and looked through the sliding glass door to see Mr. Hayes sitting on the sofa. Dkt. 7-3 at 17−25.

The Indiana Court of Appeals affirmed the trial court's judgment, rejecting Mr. Hayes's Fourth Amendment arguments. *Hayes*, 2015 WL 5088829, at *2−4. As to the Fourth Amendment claim, the appellate court held that (1) Mr. Hayes had no reasonable expectation of privacy as a short-term visitor in Mr. Blake's home, and that (2) the officers did not conduct a "search" within the meaning of the Fourth Amendment when they knocked on and looked through the sliding glass door. *Id.* at *2−3.

Mr. Hayes raised the Fourth Amendment claim in his petition to transfer to the Indiana Supreme Court, and transfer was denied. Dkt. 7-6; dkt. 7-2 at 4.

### C.   State Post-Conviction Proceedings

Mr. Hayes filed a *pro se* state post-conviction petition contending, among other things, that his consecutive sentences violated Indiana double jeopardy principles. Dkt. 14-1 at 13−14. Mr. Hayes's *pro se* petition did not state that trial counsel was ineffective for failing to properly argue the motion to suppress. *Id.* In Mr. Hayes's counseled amended post-conviction petition, he abandoned the double jeopardy claim and argued only that trial counsel was ineffective for failing

to object to introduction of his full criminal history during the habitual substance offender portion of trial. *Id.* at 19−20.

The state trial court denied the post-conviction petition, the Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied transfer. Dkt. 7-13; dkt. 7-9 at 5.

### III.  Discussion

#### A.  Applicable law

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," the claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). Mere presentment is not enough to avoid procedural default. A petitioner must "have alerted the [state] court to the alleged federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 33 (2004). Where, as here, a petitioner alleges ineffective assistance of counsel, each basis for that claim must have been fairly presented in state court. *See Pole v. Randolph*, 570 F.3d 922, 935 (7th Cir. 2009) ("[I]f a petitioner fails to assert in the state courts a particular factual basis for the claim of ineffective assistance, that particular factual basis may be considered defaulted.").

"Procedural default may be excused where the petitioner demonstrates either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (cleaned up). A petitioner convicted in Indiana may allege ineffective assistance of post-conviction counsel as cause to excuse a defaulted claim that trial counsel was ineffective. *Brown v. Brown*, 847 F.3d 502, 513 (7th Cir. 2017); *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012). To succeed, the petitioner must show that post-conviction counsel's performance was deficient and that the deficient performance

5

prejudiced him by denying him an opportunity to litigate "a substantial claim of ineffective assistance of trial counsel." *Brown*, 847 F.3d at 513 (applying the general standards for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

### B. Suppression Claim

Mr. Hayes's claim that trial counsel was ineffective for mishandling the motion to suppress is procedurally defaulted. *Pole*, 570 F.3d at 935. Mr. Hayes did not raise this claim in his pro se petition for post-conviction relief. Dkt. 14-1 at 13−14. Thus, unlike the double jeopardy claim, he cannot fault post-conviction counsel for abandoning a meritorious ineffective assistance of counsel claim.

Moreover, Mr. Hayes cannot show that he had a substantial claim of ineffective assistance of trial counsel with respect to this claim. The Indiana Court of Appeals determined on direct appeal that no Fourth Amendment violation occurred because (1) Mr. Hayes had no reasonable expectation of privacy as a short-term visitor in Mr. Blake's home, and (2) the officers did not conduct a "search" within the meaning of the Fourth Amendment when they knocked on and looked through the sliding glass door. *Hayes*, 2015 WL 5088829, at *2−4. Mr. Hayes argues that trial counsel should have argued that it was improper for the officers to not have secured the mobile home for 45 minutes before obtaining a search warrant. Dkt. 14 at 4. Although law enforcement officers are *allowed* to secure a residence before obtaining a search warrant to prevent the destruction of evidence, *see Segura v. United States*, 468 U.S. 796, 810 (1984), there is no law that *requires* officers to do so. Thus, trial counsel was not ineffective for failing to present this argument.

6

C. **Double Jeopardy Claim**

Mr. Hayes contends that trial counsel was ineffective for failing to argue that Indiana double jeopardy principles required concurrent sentences for his convictions for manufacturing methamphetamine and conspiracy to manufacture methamphetamine. Dkt. 14 at 3, 5. Mr. Hayes, through counsel, abandoned this argument in his post-conviction proceedings and did not present it to the Indiana Court of Appeals. This basis for counsel's ineffectiveness is therefore defaulted, *Pole*, 570 F.3d at 935, and the Court must determine whether post-conviction counsel's ineffectiveness excuses the default. Because his double jeopardy claim was doomed to fail, post-conviction counsel was not ineffective for failing to raise it, and the default cannot be excused.

Under Indiana law at the time of Mr. Hayes's direct appeal, a double jeopardy violation occurred if, "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish[ed] the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999), *overruled by Wadle v. State*, 151 N.E.3d 227 (Ind. 2020). Under the *Richardson* test, a defendant could be convicted of both conspiracy to commit a crime and the underlying crime without violating double jeopardy principles so long as the offenses "were each established by the proof of a fact not used to establish the other offense." *Spivey v. State*, 761 N.E. 2d 831, 834 (Ind. 2002). Thus, the Court examines what evidence was used at trial to prove the conspiracy and manufacturing offenses. *See Richardson*, 717 N.E.2d at 53 ("[T]he actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts.").

At trial, Ms. Sipes testified that before going to Mr. Blake's mobile home, Mr. Hayes and Cory Slaven purchased camp fuel at a gas station, which she understood was to be used to

manufacture methamphetamine. Dkt. 20-2, Trial Tr. Vol. II at 134.[1] Mr. Hayes asked Ms. Sipes to buy a box of Sudafed to make the methamphetamine. *Id.* at 133. She agreed, and Mr. Hayes provided her money with which she purchased Mucinex D. *Id.* at 135−36. After she purchased the pills, Mr. Hayes crushed them on the counter at Mr. Slaven's apartment before they went to Mr. Blake's mobile home to complete the manufacturing process. *Id.* at 139−40.

Ms. Sipes also testified that later in the mobile home, she observed Mr. Hayes holding a 2-liter plastic bottle, and she was aware that Mr. Hayes was in the process of making meth because she could smell chemicals and saw Mr. Hayes "shaking the bottle and burping the bottle." *Id.* at 144.

During final arguments, the prosecutor argued that Mr. Hayes's act of purchasing the camp fuel and medicine with the intention to use these items to make methamphetamine supported the conspiracy charge. Dkt. 20-3, Trial Tr. Vol. III, at 192. With respect to the manufacturing charge, the prosecutor argued that the act of swirling the 2-liter bottle could constitute "compounding" the methamphetamine. *Id.* at 194.

When the jurors received final instructions, they were instructed in relevant part:

> Count 3 [Conspiracy to Commit Dealing in Methamphetamine] reads as follows:
>
> On or about April 14 or 15, 2014, in Green County, State of Indiana, James M. Hayes, with the intent to commit the felony of Dealing in Methamphetamine, a class B felony, to-wit: to knowingly or intentionally manufacture methamphetamine, pure or adulterated, and James M. Hayes or Sierra Sipes *did perform one or more of the following overt acts in furtherance of the agreement, to-wit: obtained precursors including pseudoephedrine or Coleman Camp Fuel (organic solvent),* or arranged for delivery of precursors.

Dkt. 20-5, Appellant's Appendix (Direct Appeal), at 165 (emphasis added). They were further instructed that to convict Mr. Hayes of the conspiracy charge, the State must prove that Mr. Hayes

---

[1] The citations to the trial record are to the PDF page numbers.

8

(1) agreed with another person to commit the crime of manufacturing in methamphetamine, (2) with the intent to commit the crime, and (3) that he or the other person "performed an overt act in furtherance of the agreement by obtaining precursors including pseudoephedrine or Coleman Camp Fuel (organic solvent)[.]" *Id.* at 166−67.

With respect to manufacturing, the jurors were instructed in relevant part that "[t]he term 'manufacture' means: (1) the production, preparation, propagation, compounding, conversion, or processing of a controlled substance . . . " Dkt. 20-5 at 167.

Here, it is clear that the "overt act" of conspiracy—the purchase of the camp fuel and Mucinex before going to the mobile home—was separate and distinct from the underlying crime of manufacturing methamphetamine—swirling the 2-liter bottle with the methamphetamine ingredients. Accordingly, Mr. Hayes's post-conviction counsel was not ineffective because his convictions did not violate double jeopardy.

Because neither of Mr. Hayes's ineffective assistance of trial counsel claims had merit, his procedural default of these claims cannot be excused. Mr. Hayes's petition must therefore be denied.

### IV.   Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, the prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

9

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (cleaned up).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that jurists of reason would not disagree with the Court's conclusion that Mr. Hayes's procedural default of his ineffective assistance of counsel claims cannot be excused because the underlying claims lack merit. Accordingly, a certificate of appealability is **denied**.

## V. Conclusion

Mr. Hayes's motion for status report, dkt. [26], is **granted** to the extent that the Court has determined that his petition for a writ of habeas corpus is denied and that no certificate of appealability shall issue. Final judgment will issue by separate entry.

**IT IS SO ORDERED.**

Date: 1/11/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES HAYES
895694
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov